UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | No. C-11-1748 EMC |
| Petitioners, | |
| v. | **ORDER GRANTING PETITION TO ENFORCE IRS SUMMONS** |
| LAURO A. GUTIERREZ, JR., | |
| Respondent. | |
| _____/ | |

## I. BACKGROUND

This matter is before the Court on an order to show cause why respondent Lauro A. Gutierrez, Jr., should not be required to appear before the Internal Revenue Service (IRS) in compliance with an IRS summons. Having considered the moving papers and all other evidence of record, this Court finds that the petition shall be **GRANTED**.

According to the petition, the IRS is conducting an investigation to ascertain respondents the tax liabilities. (Pet. ¶ 3). Petitioners believe that respondent has possession and control of records, documents and other information concerning the IRS's inquiry, as to which the IRS has no access, possession or control. (*See id.* ¶ 6). As part of its investigation, petitioners served a summons on respondent; and, the record before the Court shows that service properly was made pursuant to 26

U.S.C. § 7603.[1] On February 2, 2011, petitioner Vargas served a summons on respondent by leaving a copy of the summons at his last and usual place of abode. (*See id.* ¶ 7 and Ex. A). Respondent appeared on a rescheduled date but he declined to answer any questions. (Pet. ¶ 10).

On April 8, 2011, petitioners filed the instant verified petition to enforce the summons. On April 19, 2011, this Court issued an order to show cause setting a hearing that was continued to August 1, 2011. The parties appeared at the hearing and the Court **GRANTED** the petition.

## II.     DISCUSSION

Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability. Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or. . . collecting any such liability." 26 U.S.C. § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999) (quoting 26 U.S.C. § 7602(a)); *United States v. Reed*, 105 A.F.T.R.2d (RIA) 862 (N.D. Cal. 2009). To enforce a summons, the IRS must establish a *prima facie* case for enforcement by showing that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already in the IRS's possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48 57-58 (1964). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac*, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Id.* (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir.1985)).

---

[1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." 26 U.S.C. § 7603(a). Further, "the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons." *Id.*

Once the government has met its burden in establishing the *Powell* elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS. Indeed, "[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." *Crystal*, 172 F.3d at 1144 (quoting *United States v. Den*, 968 F.2d 943, 945 (9th Cir. 1992)). "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)). As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the *Powell* requirements or abuse of the court's process. Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances. While neither the *Powell* elements nor the *LaSalle* requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

*Id.* at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance. *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980). Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons. *Id.* at 668.

In the instant case, petitioners have met their initial burden of showing that the *Powell* elements have been satisfied, largely through the verification of the petition by Revenue Agent Vargas. *See Crystal*, 172 F.3d at 1144 (finding that the special agent's declaration satisfied the *Powell* requirements and that the government therefore "established a prima facie case to enforce the summonses"); *Dynavac, Inc.*, 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."); *United States v. Bell*, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the

1  requisite *prima facie* showing by affidavit of the agent."); *United States v. Panzo*, 105 A.F.T.R.2d
2  2010-1648 (N.D. Cal. 2010) (same).

3   Here, the verified petition indicates that the IRS's investigation is being conducted for a
4  legitimate purpose of ascertaining respondent's income for certain periods of time. (*See* Pet. ¶¶ 3-4).
5  The summons is relevant to that purpose.  The summons asks him to appear and bring with him
6  documents pertaining to certain bank accounts that may shed light on respondent's income or assets
7  for those periods.  (*See id.* Ex. A).  The petition further indicates that the information is not already
8  in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and
9  that all administrative steps required by the Internal Revenue Code for the issuance of the summons
10 have been taken. (*See* Pet. ¶¶ 6, 11, 12 and Exs. A and B).

11  In the instant case, Respondent argues that, to the extent the government seeks additional
12 information from him, then his attorney can provide that information.  In other words, Respondent
13 posits that it is appropriate for his attorney – rather than himself directly – to answer the questions
14 posed to him by the government.  The Court does not agree.  Respondent cites to 26 U.S.C. § 7521
15 in support of his position, but the governing statute is § 7602.  The latter statute provides that the
16 IRS may "summon the person liable for tax or required to perform the act, or any officer or
17 employee of such person, or any person having possession, custody, or care of books of account
18 containing entries relating to the business of the person liable for tax or required to perform the act,
19 or any other person the Secretary may deem proper, to appear . . . and to produce such books, papers,
20 records, or other data, and to give such testimony, under oath, as may be relevant or material to such
21 inquiry."  26 U.S.C. § 7602(a)(2).  The statute does not indicate that a taxpayer may designate his or
22 her attorney to provide testimony in lieu of himself or herself.  Moreover, § 7521 provides that, if
23 during a taxpayer interview, "the taxpayer clearly states to an officer or employee of the [IRS] at any
24 time any interview *(other than an interview initiated by an administrative summons issued under*
25 *subchapter A of chapter 78 [26. U.S.C. §§ 7601 et seq.])* that the taxpayer wishes to consult with an
26 attorney . . . , such officer or employee shall suspend such interview regardless of whether the
27 taxpayer may have answered one or more questions."  *Id.* § 7521(b)(2) (emphasis added).  In other
28

words, § 7521 specifically contemplates that it is not applicable when the IRS issues an administrative summons under § 7602.

The only issue remaining is whether there is an abuse of process or lack of good faith on the part of the IRS. Respondent has not his burden of showing either. For example, there is no showing of bad faith by the IRS because the IRS has adequately demonstrated that it needed to obtain information from Respondent directly because his attorney was not able to provide answers to all of the questions posed. *See, e.g.*, Vargas Decl. ¶ 7.

Accordingly, the Court orders Respondent to provide the records requested in the IRS summons at issue within 20 days of the date of this order and to appear to provide testimony under oath within 30 days of the date of this order. The parties shall meet and confer to select the exact date for the examination.

Finally, the Court grants the IRS's motion for administrative relief, in which it asks for permission to file a reply. The Court has considered the reply brief attached to the IRS's motion in resolving the petition to enforce summons.

This order disposes of Docket No. 12 and resolves the IRS's petition. Accordingly, the Clerk of the Court is directed to close the file in this case.

IT IS SO ORDERED.

Dated: August 2, 2011

_____
EDWARD M. CHEN
United States District Judge